UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,
      Plaintiff,

vs.

THE VIEW, *et al.,*
      Defendants.

Case No. 1:14-cv-210

Black, J.
Bowman, M.J.

**MEMORANDUM OF OPINION AND DECISION**

Plaintiff brings this *pro se* action against The View, Channel 9 and Barbara Walters. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed for frivolousness.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166

L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's proposed complaint is indecipherable, incoherent and does not contain complete sentences and/or any rational statements. The complaint does not include any claim of relief, nor state the basis of this action. (Doc 1 at 2-4). In light of the foregoing, the undersigned finds that Plaintiff's complaint is not based on any factual

or legal basis and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, as outlined in Magistrate Judge Bowman's recent Report and Recommendation in *Smiley v. Government Seal,* et al., Case No. 1:14-cv-191, Plaintiff has inundated this court with complaints containing incoherent and irrational allegations and has been warned that if he continues to submit similar complaints he may be subject to sanctions. Despite such warnings, Plaintiff has continued to file similar complaints, including the instant action, as well as *Smiley v. Berry*, Case No. 1:14-cv-209 (S.D. Ohio filed 3/10/2014 and *Smiley v. Little Kim*, et al, Case No. 1:14-cv-229 (S.D. Ohio filed 3/13/2014).

A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law. The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002). The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule. Pursuant to Fed. R. Civ. P. 11(a), a *pro se* litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. By signing documents filed with this Court, plaintiff is certifying that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) such documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;" (2) "the claims, defenses, and other legal

contentions [contained therein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) "the factual contentions [contained therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). The Court may impose appropriate sanctions against a *pro se* litigant for a violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, No. 92-3842, 1995 WL 89003, at * 2 (6th Cir. Mar. 2, 1995) (Rule 11 does not provide a different standard for attorneys and non-attorneys); *see also Doyle v. United States*, 817 F.2d 1235 (5th Cir. 1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

  Moreover, the Sixth Circuit recognizes the Court "has the authority to issue an

injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers* at 269. The Sixth Circuit Court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Id.,* citing *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524 (9th Cir.1983). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, the undersigned finds that Plaintiff's actions rise to the level of prolific and vexatious litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). As such, Plaintiff is herein declared a harassing and vexations litigator such that pre-filing restrictions shall be imposed before any additional complaints will be accepted by this Court. *See Marbly v. Wheatley, 87 Fed.Appx.* 535 (6th Cir.2004) (mandating that pro se plaintiff first seek leave of court prior

5

to filing a lawsuit); *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

Accordingly, for these reasons, Plaintiff's complaint is herein **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **ORDERED** that Plaintiff is declared a harassing and vexatious litigator, and is therefore prohibited from filing any additional complaints without first obtaining leave of Court. The Clerk of Court is **DIRECTED** to reject any additional complaints that Mr. Smiley attempts to file unless he moves for, and is granted, leave to file a new complaint by this Court.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                                              *s/ Timothy S. Black*
                                              United States District Judge